UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAILEY LOVE,<br><br>        Plaintiff,<br><br>  v.<br><br>WILLIAM TYTUS, et al.,<br><br>        Defendants. | C23-0146 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' motion for summary judgment, docket no. 18. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

This action arises from a May 15, 2019, motor vehicle accident between Hailey Love ("Plaintiff") and William Tytus ("Defendant") in Edmonds, Washington. Compl. ¶¶ 1–7 (docket no. 1). The Complaint identifies Plaintiff as a "citizen and resident of Flathead County, Montana," *id.* at ¶ 1, and identifies Defendant as a "citizen and resident of Snohomish County, Washington" residing at an address in Mukilteo, Washington, *id.* at ¶ 2.

ORDER - 1

On May 11, 2022, Plaintiff commenced this action in the United States District Court for the District of Montana (the "Montana Court"). Docket no. 1. Plaintiff filed this lawsuit four days before the applicable statute of limitations ran—the collision was on May 15, 2019, and Plaintiff filed on May 11, 2022. But after Plaintiff filed her lawsuit, the case languished on the docket for months. Plaintiff did not request the Montana Court issue a summons to Defendant until September 28, 2022. Docket no. 2. And Plaintiff did not serve Defendant until October 3, 2022, 145 days after Plaintiff filed her case. Docket no. 3.

On January 30, 2023, the Montana Court denied Defendants' motion to dismiss for lack of personal jurisdiction and instead transferred the case to this Court. *See* Docket no. 10 at 7. Defendants now move for summary judgment on the theory that the statute of limitations on Plaintiff's claim has run because Plaintiff failed to affect timely service on Defendant in compliance with RCW 4.16.080(2) and RCW 4.16.170.

**Discussion**

The Court shall grant summary judgment if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257.

ORDER - 2

1 | When the record, however, taken as a whole, could not lead a rational trier of fact to find
2 | for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S.
3 | 521, 529 (2006) ("Rule 56 'mandates the entry of summary judgment, after adequate time
4 | for discovery and upon motion, against a party who fails to make a showing sufficient to
5 | establish the existence of an element essential to that party's case, and on which that
6 | party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

7 | Plaintiff's claim is subject to a three-year statute of limitations. *See* RCW
8 | 4.16.080(2); RCW 4.16.170. Washington courts have repeatedly held that the filing of a
9 | complaint does not constitute the commencement of an action for purposes of tolling the
10 | statute of limitations. *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wash. App. 516, 125
11 | P.3d 134, 137 (2004). The plaintiff must still serve a defendant within ninety days of the
12 | date of filing in order for the commencement to be complete. *Id.*; *see also* RCW 4.16.170
13 | (providing that an action is "commenced" for purposes of tolling the statute of limitations
14 | only if the plaintiff serves process upon "one or more of the defendants" within 90 days
15 | of the date of filing the complaint).

16 | Plaintiff concedes that she did not serve Defendant within the 90-day window.
17 | Instead, Plaintiff argues (A) that Defendant's Rule 56 motion is procedurally improper,
18 | and (B) that Defendant is judicially estopped from raising the statute of limitations
19 | defense.[1] Both arguments fail.

---

[1] In connection with the estoppel argument, Plaintiff has moved to strike certain statements offered by Defendant as hearsay. Docket no. 26. The Court does not reach the issue of Defendant's offered statements in its ruling. The Court therefore STRIKES the objection as moot.

ORDER - 3

### A. Plaintiff's Procedural Argument

Plaintiff first argues that Defendant is barred from raising the statute of limitations defense because Defendant failed to raise it in their first motion to dismiss. Plaintiff misapprehends the law. Statute of limitations is an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c)(1). This defense is separate from the defenses identified in Rule 12(b). Thus, Defendant did not have to raise the defense in his earlier motion to dismiss to preserve it. Instead, Defendant had to raise the defense in his answer to use it, which he did. *See* Aff. Def. ¶ 1 (docket no. 17). Plaintiff's first argument thus fails.

### B. Plaintiff's Judicial Estoppel Argument

Plaintiff's second argument fares no better. Plaintiff argues that the Court should estop Defendant from raising the statute of limitations defense because of Defendant's previous statements to the Montana Court. Plaintiff asserts that Defendant's statements to the Montana Court "implicitly waived any service of process defense resulting in non-compliance with a statute of limitations." Pl.'s Resp. at 8 (docket no. 21).

Federal law governs the application of judicial estoppel. *See generally Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983 (9th Cir. 2012) (holding, among other things, that regional circuit law guides the judicial estoppel analysis). The Ninth Circuit has described the equitable doctrine of judicial estoppel as preventing a party from relying on an argument to prevail in one phase of the case and then offering a contradictory argument to succeed in another phase of the litigation. *See id.* at 993. Although the Ninth Circuit previously held that judicial estoppel applied only when a

party's position was "tantamount to a knowing misrepresentation to or even fraud on the court," in light of an intervening Supreme Court decision, the Ninth Circuit now considers "chicanery or knowing misrepresentation" to be only one factor in the judicial estoppel analysis and not an "inflexible prerequisite" to its application. *Id.* at 994–95 (citing *New Hampshire v. Maine*, 532 U.S. 742 (2001)).

In *New Hampshire*, the only case cited by Plaintiff in opposition, the Supreme Court indicated that "several factors typically inform the decision whether to apply the doctrine in a particular case." 532 U.S. at 750. These considerations include (i) whether the later position is "clearly inconsistent" with the earlier position, (ii) whether acceptance of both the previous and subsequent positions would create a perception that the court was misled on one or the other occasion; and (iii) whether the party asserting an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *Id.* at 750–51. The Supreme Court cautioned that it was not offering an "exhaustive formula" for determining when judicial estoppel should be invoked, and it acknowledged that additional considerations might weigh in favor of the doctrine's application in "specific factual contexts." *Id.* at 751.

Regarding the first *New Hampshire* factor, Defendant's position in this Court is not clearly inconsistent with his position in the Montana Court. In fact, in Plaintiff's response to this motion, docket no. 21 at 8, Plaintiff seems to concede this point. Plaintiff argues only that Defendant "implicitly waived any service of process defense." This position is far different than the "clearly inconsistent position" required by *New Hampshire*. Citing that "implicit" waiver, Plaintiff argues that Defendant's statements

ORDER - 5

before the Montana Court prevent him from raising the defense now. Plaintiff points to Defendant's statement that he "agree[d] with the Plaintiff that dismissal rather than transfer could create a statute of limitations problem for the Plaintiff which would entirely foreclose the Plaintiff from pursuing her claims against Mr. Tytus" and that "it is not Mr. Tytus' intent to take advantage of that mistake by entirely foreclosing the Plaintiff from pursuing her claims against him." Docket no. 9 at 5. In opposing the current motion, Plaintiff is now able to pursue her claim in this Court. That opportunity does not obviate the statute of limitations issue presented here.

"Judicial estoppel is not appropriate merely because a litigant takes inconsistent positions; rather, the inconsistency must be so blatant as to demonstrate that a claimant is playing fast and loose with the courts." *GT Beverage Co. LLC v. Coca Cola Co.*, No. SACV 10-00209, 2010 WL 11595832, at *3 (C.D. Cal. Aug. 2, 2010). Defendant is not playing "fast and loose with the courts" here. The Montana Court did not have jurisdiction over the case. Any argument that the parties' made to the Montana Court about the statute of limitations defense could not factor into the Montana Court's analysis.[2] As such, the Court does not perceive any substantive inconsistency between

---

[2] In addition to the litigant's assumption of inconsistent positions, a court must accept the litigant's previous position for judicial estoppel to apply. *New Hampshire*, 532 U.S. at 750. There is a circuit split on the issue of whether a court must actually adopt an inconsistent position for judicial estoppel to apply: "The majority of circuits recognizing the doctrine hold that it is inapplicable unless the inconsistent statement was actually adopted by the court in the earlier litigation . . . . The minority view, in contrast, holds that the doctrine applies even if the Litigant was unsuccessful in asserting the inconsistent position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 601 (9th Cir. 1996) (*citing Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993)). Although the Ninth Circuit has yet to expressly adopt either position, *id.*, it has "restricted the application of judicial estoppel to cases where the court

Defendant's positions. The first *New Hampshire* factor therefore weighs against judicial estoppel.

Regarding the second *New Hampshire* factor, Defendant did not have the opportunity to mislead the Montana Court regarding the statute of limitations defense because that question was not before the Montana Court. The Montana Court did not have personal jurisdiction over Defendant. As a result, it could not, and did not, reach statute of limitations issue. Defendant's position now does not whipsaw the courts. The second factor weighs against judicial estoppel.

Finally, as to the third *New Hampshire* factor, Defendant does not gain an "unfair advantage" over, or impose an "unfair detriment" on, Plaintiff. Defendant's statements to the Montana Court could not, and did not, change the substantive outcome of the motion before the Montana Court. Because the Montana Court did not have jurisdiction, it either had to (i) dismiss the case, or (ii) transfer the case here. Defendant's statements to the Montana Court put him in no better of a position there, and Defendant's statements to the Montana Court put Plaintiff in no worse of a position here. The third factor weighs against judicial estoppel.

Plaintiff's counsel failed to timely serve Defendant. That failure has consequences. Attorneys have a duty to investigate and timely serve process so that this result does not occur. Defendant's motion for summary judgment must be GRANTED.

---

relied on, or 'accepted,' the party's previous inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

ORDER - 7

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion for summary judgment is GRANTED, and this case is DISMISSED with prejudice.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of April, 2023.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge